```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
BYONG Y. KWON,
                                          05 Civ. 1142 (GEL)(DFE)
                    Plaintiff,

          - against -                     ORDER

DANIEL Y. YUN;
EMERGENT GROUP, INC.;
EMERGENT CAPITAL INVESTMENT MANAGEMENT,
LLC; et al.,

                    Defendants.
------------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

District Judge Gerard E. Lynch has referred this case to me for general pretrial supervision. This means that I will make decisions about the discovery phase of the litigation, but not about motions to dismiss (such as motions pursuant to Rule 12(b) or Rule 56).

I enclose a copy of my Standing Order for Discovery Disputes. The Standing Order sets out my rules for disputes about discovery. This includes disputes with non-parties. It also includes disputes about scheduling, including any requests to extend the January 19, 2007 deadline for the completion of discovery.

                                                _____
                                                DOUGLAS F. EATON
                                                United States Magistrate Judge
                                                500 Pearl Street, Room 1360
                                                New York, New York 10007
                                                Telephone: (212) 805-6175
                                                Fax: (212) 805-6181

Dated:     New York, New York
           September 25, 2006

Copies of this Memorandum and Order (and of my Standing Order for Discovery Disputes) will be sent to:

Mr. Byong Y. Kwon
c/o Prom Invest
29 Malaya Nikitskaya, Bldg 1
Moscow, Russia
(also by e-mail to byk001@comcast.net)

Martin Stein, Esq.
Heller, Horowitz & Feit, P.C.
292 Madison Avenue
New York, NY 10017
(also by fax to 212-696-9459)

John J. Petriello, Esq.
Levy, Ehrlich & Petriello, P.C.
60 Park Place
Newark, NJ 07102
(also by fax to 973-596-1781)

Hon. Gerard E. Lynch

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE

Standing Order for Discovery Disputes in Cases
Assigned to Magistrate Judge Douglas F. Eaton

¶1. <u>Conference requirement</u>. Rule 37(a)(2)(A and B), Fed. R. Civ. P., requires the attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention. "Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention. The exchange of letters between counsel stating positions "for the record" shall not be deemed compliance with this requirement, or with Rule 37(a)(2)(A and B). Failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions. 28 U.S.C. §1927; <u>Apex Oil Co. v. Belcher Co.</u>, 855 F.2d 1009, 1019-20 (2d Cir. 1988).

¶2. <u>Depositions.</u>

    a.  No one may instruct a witness not to answer, except upon grounds of privilege, or as permitted by Rule 30(d)(1), Fed. R. Civ. P. All other objections, <u>including objections as to relevance</u>, may be briefly stated on the record, but the question must be answered.

    b.  If privilege is asserted, the person claiming privilege must answer the predicate questions necessary to establish the applicability of the privilege. See Local Civil Rule 26.2.

    c.  Disputes relating to privilege or procedure at a deposition, and applications to terminate or limit a deposition pursuant to Rule 30(d), may be brought to my attention by telephone conference (if I am available) without adjourning the deposition. (NOTE: Telephone conferences are limited to disputes about a <u>deposition taking place that very day</u>. Any other disputes must be submitted by joint letter; see below at ¶ 3.) My telephone number is 212-805-6175. The following procedures apply to such telephone conferences:

1

(1) All attorneys present at the deposition must participate in the telephone conference by speakerphone or extension telephone.

(2) Unless otherwise directed by me, the witness shall be out of the room during the argument of the issues raised.

(3) The reporter must be available to read the verbatim text of any matters in dispute, and shall record and transcribe the entire telephone conference as part of the record of the deposition.

(4) The parties' time to seek review pursuant to Rule 72(a), Fed. R. Civ. P. of any ruling made during a telephone conference shall commence to run on the date of receipt of the transcript.

¶3. <u>All other discovery disputes (including disputes about adjournments)</u>.

a. Local Civil Rule 37.2 speaks of a first request for an informal conference with the court; however, in discovery disputes before me (except for disputes about a deposition taking place that very day), you should not bother to request an informal conference. Instead, proceed as follows. Following compliance with ¶ 1, above, counsel must submit <u>a single joint letter</u>, signed by <u>each</u> counsel of record who is a party to the dispute, and giving <u>each</u> counsel's telephone number and fax number. If the joint letter concerns more than one issue, it should state the position of each party on the first issue before moving on to any second issue. The joint letter should be faxed to 212-805-6181, <u>provided</u> that the letter is no longer than 12 pages, and <u>provided</u> that a manually signed <u>original</u> is thereafter <u>mailed</u>. (I prefer to be able to review the letter quickly in fax form, even if I may have to wait for exhibits to arrive by mail.) The mailing should enclose the manually signed letter, plus any exhibits. The exhibits should <u>not</u> be bound to each other. The mailing should also enclose a courtesy copy of the joint letter (but not a courtesy copy of any exhibits). If you send your adversary a draft of your portion of a joint letter and he or she does not send you a responsive portion within 5 business days, you may send your portion to me (with another copy to your adversary, and an explanation of the circumstances). You must wait for the 5 days even if there are fewer than 5 business days before a discovery deadline.

b. I will allow the following format to substitute for a "single joint letter," if all parties to a particular dispute agree

2

to use this format:

 (1) a letter motion, maximum 8 pages, faxed to each party but not sent to me at this stage;

 (2) within two business days (or more if agreed) a letter from each party opposing the motion, maximum 10 pages to be faxed to each party;

 (3) within one business day (or more if agreed) a reply letter from movant, to be faxed to each party, maximum 2 pages to reply to each separate opposing letter. All of these letters (plus any exhibits) to be sent to me by movant in a <u>single package</u>. (This package should also contain a courtesy copy of each letter, but not a courtesy copy of the exhibits.) The exhibits should <u>not</u> be bound to each other. Preferably, the movant should also send me the letters (without any exhibits) in a single fax transmission.

 c. Citation of case law is desirable. It is usually unnecessary to recite the procedural history in detail. It is usually unhelpful to include subjective matters such as opinions about the motives of your adversary.

 d. If interrogatories, document requests, or responses are in dispute, the joint letter must enclose the text of the specific items in dispute (and only those items).

 e. I will normally decide such disputes on the basis of the joint letter, with <u>no oral argument</u>. If I want affidavits, briefs, or a conference, I will inform counsel.

 f. Submissions under ¶ 3 shall be deemed to be motions pursuant to Rule 37 and may provide the basis for me to award expenses and other sanctions.

 g. My requirement for a single joint letter applies also to non-parties. If a party foresees that it may have a discovery dispute with a non-party, then it shall serve the non-party with a copy of this Standing Order.

          *[signature]*
          DOUGLAS F. EATON, U.S.M.J.

Revised as of 3/20/06

3