UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
BYONG Y. KWON,                                                :
:
            Plaintiff,                                        :
                                                              :   05 Civ. 1142 (GEL) (DFE)
        -v-                                                   :
                                                              :   **OPINION AND ORDER**
DANIEL J. YUN, EMERGENT GROUP, INC.,                          :
EMERGENT CAPITAL INVESTMENT                                   :
MANAGEMENT, LLC, METEDECONK                                   :
HOLDINGS, LLC, VOYAGER ADVISORS, LLC,                         :
MILLENNIUM TRADITION LIMITED                                  :
(f/k/a Millenium Heritage, Limited), EMERGENT                 :
MANAGEMENT COMPANY, LLC,                                      :
ENDURANCE ADVISERS, LTD, SK                                   :
NETWORKS CO., LTD. (f/k/a SK Global Co.,                      :
Ltd.), JOHN DOES 1-2, and RICHARD ROES 1-2,                   :
                                                              :
            Defendants.                                       :
                                                              :
-------------------------------------------------------------x

Byong Y. Kwon, pro se.

Martin Stein, Heller, Horowitz & Feit, P.C., New York, NY, for defendants Daniel J. Yun, Emergent Capital Investment Management, LLC, Metedeconk Holdings, LLC, Voyager Advisors, LLC, and Emergent Management Company, LLC.

GERARD E. LYNCH, District Judge:

      Plaintiff Byong Y. Kwon brought this pro se action against defendant Daniel J. Yun and various associated entities, alleging essentially that Yun defrauded him into leaving secure employment to take a position with Yun's allegedly fraudulent investment fund, and in the process to take out a $390,000 loan from defendant Metedeconk Holdings, LLC, which he has

not repaid. Kwon seeks relief including damages and cancellation of the loan.[1] Metedeconk counterclaimed for repayment of the loan. Kwon now seeks to amend his answer to the counterclaim to assert the defense of lack of capacity to sue, alleging that Metedeconk has been dissolved and no longer exists. The motion will be granted.

Under Fed. R. Civ. P. 15(a), leave to amend a pleading should be "freely give[n] . . . when justice so requires." As the Supreme Court has said:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Kwon alleges that Metedeconk was dissolved in or about December 2003, a fact he claims he could not have known, given that he resigned from employment with that company months earlier and that defendants failed to produce documents demanded in discovery that would have revealed it, but that Yun, the owner and manager of the firm, and Yun's long-time attorney, who represents him in this action, must have known. Defendants do not dispute that Metedeconk filed a certificate of cancellation with the Delaware Secretary of State on December 24, 2003. Under Delaware law, a limited liability company ("LLC") is an artificial entity that is granted, among other powers, the capacity to sue or be sued. Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc., 854 A.2d 121, 138-40 (Del. Ch. 2004). Such power continues even "[u]pon dissolution of" such an LLC "until the filing of a

---

[1] Further details regarding the underlying dispute are set forth in the Court's prior opinion on defendants' motion to dismiss for failure to state a claim. See Kwon v. Yun, No. 05 Civ. 1142 (GEL), 2006 WL 416375 (S.D.N.Y. Feb. 21, 2006).

2

certificate of cancellation." 6 Del. Code § 18-803(b). Kwon's proposed amendment thus states a prima facie credible defense to Metedeconk's counterclaim.

Defendants raise a variety of objections, none of which have merit. First, defendants suggest that Kwon unduly delayed in raising this defense, citing Kwon's amended complaint of February 2005, and an even earlier draft complaint provided to defendants, which each allege Metedeconk's dissolution in December 2003. Accordingly, they argue, Kwon clearly knew of the dissolution, but nevertheless failed to seek the certificate of cancellation from the Delaware Secretary of State on which he now relies, or to assert the defense of lack of capacity in his original answer to the counterclaim, filed on April 11, 2006.[2] As defendants point out, the court has "discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990), citing Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986). Kwon, who is representing himself in this matter and who is not a lawyer, argues that he failed to assert the defense because, although aware in a general way from the Delaware Secretary of State's website that Metedeconk had been dissolved, he was not aware if it "had been properly wound down, dissolved through merger or change in corporate form, survived in the form of a liquidating trust, or revived." (P. Reply 2.) Delaware law provides various ways in which plaintiffs can seek resolution of claims against dissolved LLCs, or in which dissolved LLCs can

---

[2] Defendants' assertion that Kwon waited "nearly three years before moving to amend his reply to the counterclaim" (D. Opp. 3), is thus inaccurate. As the counterclaim was not even made until well over a year after Kwon filed his complaint, Kwon had no occasion to assert this defense until he answered in April 2006. The correct period of "delay" is thus just under 21 months.

pursue claims before filing of a certificate of cancellation. See 6 Del. Code §§ 18-803(b), 18-804(b)(3). A lay litigant, even an unusually sophisticated one such as Kwon, can certainly be forgiven for not immediately understanding the consequences of these various provisions, for seeking clarification in discovery (which was apparently never provided) of the exact status of Metedeconk, or for not asserting a capacity defense until further information was obtained. Kwon has thus provided a reasonable explanation for the delay in advancing the defense.

In any event, as Cresswell makes plain, leave may be denied on the basis of "inordinate delay" only if "the amendment would prejudice the defendant." 922 F.2d at 72. Defendants' first argument thus devolves into their second claim, that they have been prejudiced by the delay in asserting the defense. Defendants' claim of prejudice is totally without merit. It is apparent that Yun, its owner/manager, and his attorneys must have been fully aware from long before the beginning of this litigation of Metedeconk's status. And if they were not, as defendants themselves point out, Kwon's early pleadings clearly reminded them of Metedeconk's dissolution no later than the serving of the draft complaint in 2004 and of the amended complaint in February 2005. Unlike Kwon, Yun and his entities are represented by counsel, and have no excuse for failing to appreciate the significance of the cancellation of Metedeconk's existence in 2003 or for bringing claims on behalf of a defunct entity. Defendants argue that leave to pursue such an action could have been sought – and presumably can still be sought – from the Delaware Court of Chancery. See 6 Del. Code § 18-805. But they provide no explanation for their failure

to do so before bringing their counterclaim, such as would justify the granting of any further stay or other delay of these proceedings while they pursue such relief.[3]

Finally, defendants assert that Kwon has waived or forfeited his ability to assert this defense by bringing suit against Metedeconk in the first place. Defendants cite no authority for the proposition that a defunct corporation or LLC can be revived by a plaintiff's bringing suit against it. Kwon argues that he can indeed maintain an action against Metedeconk, citing Delaware authority that a plaintiff can, under certain circumstances, have a certificate of cancellation annulled under Delaware law. See Metro Communications, 854 A.2d at 138-39. Of course, Kwon has not expressly sought such relief, and it is premature to consider whether he could obtain such relief if he did seek it. Similarly, if such an annulment is obtained, it would seem likely that Metedeconk would thereby regain its right to pursue its own counterclaim, which is intimately intertwined with the claims advanced by Kwon against it – Metedeconk's claim for repayment of the loan is essentially the converse of Kwon's claim to have the loan canceled. Such issues may be left for future development. But however they are resolved, there

---

[3] Moreover, to the extent that Kwon's assertion of this defense interferes with Metedeconk's asserted plans to file a summary judgment motion for repayment of the loan, such interference hardly works any prejudice to defendants. Kwon achieves no windfall by forestalling Metedeconk's moton for summary collection of the loan. Metedeconk took no action to collect on the loan before Kwon filed his lawsuit, and Kwon has conceded from the beginning that any damages he might achieve in this lawsuit would have to be set off against the proceeds of the loan. Any effort by defendants to achieve leverage in the suit by obtaining summary judgment on the loan, the circumstances of which are hotly disputed, in advance of the resolution of Kwon's claims would be without merit in any case. In addition, to the extent that Metedeconk lacks the capacity to sue on its counterclaim, presumably it also lacks the capacity to be sued. Thus, Kwon's claims against Metedeconk, including his suit to cancel the loan, are also jeopardized by the discovery of Metedeconk's status.

is no basis for concluding that Kwon's mere assertion of a claim against Metedeconk waives the issue of Metedeconk's capacity to sue and be sued.

Nothing in this opinion resolves the merits of Kwon's asserted defense of lack of capacity, let alone any of the further issues alluded to that would arise if the defense is found to be meritorious. The only issue before the Court at this time is whether Kwon should be given leave to amend his complaint to assert the defense. For the reasons stated, his motion for leave to amend is granted.

SO ORDERED.

Dated: New York, New York
January 22, 2008

_____
GERARD E. LYNCH
United States District Judge